IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TIMOTHY E. WRIGHT,             )
                               )
       Petitioner,          )
                               )
                               )    No. CIV-16-923-D
v.                             )
                               )
TRACY McCOLLUM,                )
                               )
       Respondent.         )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging his convictions for Conspiracy to Commit a Felony and Robbery in the First Degree by Force and Fear entered in the District Court of Cleveland County, Case No. CF-2005-640, and the revocation of the suspended sentences entered in that case. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be dismissed without prejudice for lack of exhaustion and, alternatively, with

---

[1] Rule 4 requires this Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

1

prejudice as untimely.

I. <u>Construction of Petition as One Brought Under 28 U.S.C. § 2254 or 28 U.S.C. § 2241</u>

On August 11, 2016, Petitioner filed his Petition on the form for a 28 U.S.C. § 2241 petition. Having reviewed the Petition pursuant to Rule 4, the undersigned entered an Order on September 8, 2016, directing Petitioner to (1) file his habeas petition on the proper form for a 28 U.S.C. § 2254 petition for writ of habeas corpus; (2) show cause on or before September 28, 2016, why this action should not be dismissed without prejudice on the ground that his habeas claims are unexhausted; and (3) show cause on or before September 28, 2016, why this action should not be dismissed with prejudice on the ground that his habeas claims are untimely.

On September 22, 2016, Petitioner filed his response to the Order. In his response, Petitioner maintains that he is seeking relief under 28 U.S.C. § 2241, not 28 U.S.C. § 2254. It appears, however, that his Petition could be considered a hybrid 28 U.S.C. § 2254 petition and a 28 U.S.C. § 2241 petition.

In ground one of the Petition, Petitioner contends that he was denied effective assistance of counsel because "during plea negotiations" and at the time of his original sentencing his "counsel allowed the State [sic] to impose a suspended sentence that petitioner was not eligible for under Oklahoma Law, Oklahoma Statute Title 22 O.S. §991(a)(c), 991(a)(2), and 991(c) Subsection (f)." Petition, at 3.

In ground two of the Petition, Petitioner contends that he was "denied the right to be heard regarding the legality of his suspended sentences being revoked" under the due process

2

clause of the Constitution. Petitioner states that he is "directing this ground toward his trial counsel and the court, for refusing to allow him to speak on behalf of his argument/position regarding the legality of the suspended sentences under Bumpus v. State, where [he] had been previously convicted of two (2) or more felony convictions prior to being sentenced in the present convictions." Petition, at 4.

In these claims, Petitioner is challenging in ground one the validity of his original sentences and the assistance of counsel he received in connection with those original sentences. Consequently, the Petition should be construed as a 28 U.S.C. § 2254 petition for writ of habeas corpus as to these claims. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(noting "an action is properly brought under § 2254 as a challenge to the validity of [the prisoner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence"). In ground two, it appears Petitioner is challenging the revocation of his suspended sentences on due process and possibly Sixth Amendment grounds. As to these claims, the Petition is aptly brought as a 28 U.S.C. § 2241 petition. See Randall v. Allbaugh, No. 16-5109, n. 2 (10th Cir. 2016)(unpublished op.)("Because Randall challenges the revocation of his suspended sentence rather than the underlying conviction, his claims are properly brought under § 2241."); Stoltz v. Sanders, 242 F.3d 390 (Table), 2000 WL 1730894 (10th Cir. 2000)(unpublished op.)("To the extent Mr. Stoltz is challenging the revocation of his [suspended] sentence, we construed his petition as filed under 28 U.S.C. § 2241 because it challenges the execution of his sentence, rather than its validity."). In any event, under either statutory remedy, Petitioner's claims are unexhausted and the action is

not timely filed, as explained herein.

II. Exhaustion of Available State Remedies

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition). "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(quotation omitted). Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

Petitioner states in his Petition that the judgment of conviction in Case No. CF-2005-640 was entered in the District Court of Cleveland County on December 5, 2005, following his entry of a *nolo contendere* plea to felony charges of Conspiracy to Commit a Felony and

4

Robbery in the First Degree by Force and Fear. In that judgment, Petitioner was sentenced on the conspiracy conviction to serve a 20-year term of imprisonment with four years to serve and the remaining sixteen years suspended. For the robbery conviction, Petitioner was sentenced to a concurrent 20-year term of imprisonment with four years to serve and sixteen years suspended.

On April 24, 2015, the district court entered an Order Denying Defendant's Request for Post-Conviction Relief in Case No. CF-2005-640. Petition, att. 1. In this Order, The district court found that on December 5, 2005, Petitioner waived his right to a jury trial and entered a plea to the Conspiracy and Robbery charges based on a negotiated sentence agreement. As part of the plea recommendation, the State agreed to waive the statutory prohibition against probation, and the district court accepted the recommendation of the State and sentenced Petitioner to 20 year terms of imprisonment with all but the first four years suspended on each count, to run concurrently. Petitioner did not apply to withdraw his plea or appeal the convictions and sentences.

The district court further found that subsequent to Petitioner's release from incarceration his suspended sentences in that case were revoked in part on March 26, 2013, pursuant to Petitioner's confession of a motion to revoke filed by the State. Petitioner was sentenced as to the suspended portion of the previous sentences to serve a ten-year term of imprisonment "with the remaining six (6) years suspended." Petition, att. 1. Petitioner did not appeal the revocation sentences.

The district court found that Petitioner filed a post-conviction application in Case No.

CF-2005-640 on December 15, 2014, challenging the validity of his original plea and sentences and alleging that he was denied effective assistance of counsel in connection with his original plea and sentencing. Petitioner also alleged in the post-conviction application that he had been denied due process in the revocation proceeding because he was not allowed to challenge the validity of his original suspended sentences.

The district court concluded that review of Petitioner's post-conviction application was procedurally barred because he had failed to appeal his convictions and sentences entered in Case No. CF-2005-640. Alternatively, the district court denied Petitioner's post-conviction claims on their merits. Petition, att. 1 (Order Denying Defendant's Request for Post-Conviction Relief).

The Oklahoma Court of Criminal Appeals ("OCCA") declined to exercise jurisdiction with respect to Petitioner's attempted appeal of the district court's post-conviction decision because he had failed to comply with the OCCA's procedural rules regarding the filing of a post-conviction appeal. Petition, att. 2 (Order Declining Jurisdiction).

Petitioner acknowledges in his Petition that the OCCA declined to review the merits of his attempted post-conviction appeal because the attempted appeal was filed "3 days out of time." Petition, at 3-5. In its Order Declining Jurisdiction, the OCCA advised Petitioner that he could seek an appeal out of time by following the appellate court's procedural rules, i.e., by returning to the district court and requesting leave to file his post-conviction appeal out of time. Petition, att. 2 (citing Rule 2.1(E)(3), Rules of the Oklahoma Court of Criminal Appeals). Petitioner admits in the Petition that he has not requested leave to pursue his post-

6

conviction appeal out of time. Thus, it is clear from the face of the Petition that Petitioner has not satisfied the exhaustion requirement.

Under these circumstances, the habeas action should be dismissed without prejudice for lack of exhaustion. See Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition").

Petitioner asks that if the Court should find his habeas claims are unexhausted the Court "Administratively Close[ ]" the action while he pursues a post-conviction appeal out of time under OCCA's procedural rules. Petition, at 4. Construing this request as a motion for stay and abeyance of the instant action, the motion should be denied. In "limited circumstances," a habeas petitioner may seek a stay in order to exhaust claims raised in his habeas application. Rhines v. Weber, 544 U.S. 269, 277 (2005). In order to be entitled to a stay, the petitioner is required to allege facts showing (1) that "good cause" exists for his failure to exhaust his habeas claims in the state court and (2) that the unexhausted claims are "potentially meritorious" for the purpose of federal habeas review. Id. at 277-78. Because the Petition is not timely filed, Petitioner cannot satisfy the requirements for a stay of the habeas proceeding.

Thus, the Petition should be dismissed without prejudice based on Petitioner's failure to exhaust available state judicial remedies.

Alternatively, because the Petition is not timely filed, the Petition should be dismissed with prejudice, as explained herein.

7

III. Timeliness of Petition

A district court may *sua sponte* dismiss a habeas petition if it is "clear from the face of the petition itself" that the petition was not filed within the applicable limitations period. Kilgore v. Att'y Gen. of Colo., 519 F.3d 1084, 1089 (10th Cir. 2008). See Day v. McDonough, 547 U.S. 198, 209 (2006)("[D]istrict courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions filed by state prisoners.[2] This legislation provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

---

[2] The AEDPA's one-year limitations period applies regardless of whether the instant Petition is considered a petition seeking habeas relief under 28 U.S.C. § 2254 or a petition seeking habeas relief under 28 U.S.C. § 2241. See Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003)(AEDPA's one-year limitations period applies to 28 U.S.C. § 2241 habeas applications).

8

> exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Generally, the one-year limitations period begins to run from the date on which a state prisoner's conviction becomes final, but the limitations period may also commence under the alternative starting points set forth in the statute. In this case, Petitioner states that he entered a plea of *nolo contendere* to the charges in Case No. CF-2005-640 and the judgment of conviction was entered on December 5, 2005.

With respect to Petitioner's claims in ground one that his original sentences were invalid and that he was denied effective assistance of counsel during plea negotiations and the plea proceeding, Petitioner did not file a motion to withdraw his plea or timely seek to appeal the plea-based convictions. Therefore, as to these claims the plea-based convictions became "final" under 28 U.S.C. §2244(d)(1)(A) on December 15, 2005, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period for filing a federal habeas petition challenging the validity of these convictions began the following day, December 16, 2005, and expired one year later on December 16, 2006.

Petitioner's post-conviction application filed in the state district court on December 15, 2014, did not toll the limitations period under 28 U.S.C. § 2244(d)(2) because it was filed long after the limitations period expired. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir.

2011); Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

Under 28 U.S.C. § 2244(d)(1)(A), review of Petitioner's habeas claims in ground one challenging the validity of his original sentences and alleging that he received ineffective assistance of counsel during plea negotiations and the plea proceeding is barred by the expiration of the one-year limitations period on December 15, 2006, unless equitable tolling applies to extend the limitations period.

With respect to Petitioner's claim asserted in ground two of the Petition that his revocation sentences entered March 26, 2013, are invalid and that he was denied due process during the revocation proceeding, the 28 U.S.C. § 2241 Petition is untimely. As to these claims, his § 2241 action must be filed within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

By Oklahoma law, "[a]ny order of the court revoking [a] suspended sentence, in whole or in part, shall be subject to review on appeal, as in other appeals of criminal cases." Okla. Stat. tit. 22, § 991b(D). Pursuant to the rules of the OCCA, "[r]eview of an order revoking a suspended sentence is governed by the same procedure as perfection of a regular misdemeanor or felony appeal." Rule 1.2(D)(4), Rules of the Oklahoma Court of Criminal Appeals. "A revocation appeal is therefore brought by Petition in Error, and '[t]he appropriate appeal time commences upon imposition of the order revoking suspended sentence.'" Burnham v. State, 43 P.3d 387, 390 (Okla. Crim. App. 2002)(quoting Rule 1.2(D)(4), Rules of the Oklahoma Court of Criminal Appeals)).

Petitioner was required to file a Notice of Intent to Appeal and Designation of Record within ten (10) days following the date on which he was sentenced in the revocation proceeding, but he did not do so. Rule 2.1(B), Rules of the Oklahoma Court of Criminal Appeals. "The filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal." Id. Because Petitioner did not comply with this rule, his revocation became final on April 5, 2013, and the one-year limitations period began to run on April 6, 2013, and expired on April 6, 2014. The Petition was filed on August 11, 2016, over two years after the limitations period expired.

Petitioner's post-conviction application did not toll the limitations period under 28 U.S.C. § 2244(d)(2) because it was filed in December 2014 after the limitations period expired. See Clark, 468 F.3d at 714; Fisher, 262 F.3d at 1142-1143. Consequently, review of the merits of Petitioner's habeas claims is barred by the expiration of the one-year limitations period on April 6, 2014, unless equitable tolling applies to extend the limitations period.

In his responsive pleading, Petitioner seeks the benefit of equitable tolling of the limitations period. The limitations period may be equitably tolled in extraordinary circumstances. Holland v. Florida, 560 U.S. 631, 645 (2010). See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir 2000)(AEDPA's statute of limitations subject to equitable tolling in "rare and exceptional circumstances"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Simple excusable neglect is not sufficient. . . . [and a] claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson, 232 F.3d at 808.

As his argument in favor of equitable tolling, Petitioner asserts that his attempted post-conviction appeal to the OCCA was three days late because the prison law library had misplaced his pauper's affidavit.[3] Petitioner also asserts that it is not likely that the state courts would allow him to appeal the post-conviction decision out of time and that this Court should review the merits of his unexhausted claims.

Petitioner has not demonstrated extraordinary circumstances preventing him from timely filing his federal habeas action either, for purposes of the applicable limitations period under 28 U.S.C. § 2244(d)(1)(A), on or before December 16, 2006, as to his claims in ground one, or on or before April 6, 2014, as to his claims in ground two. Nor has Petitioner shown due diligence in pursuing his federal claims. He has not alleged actual innocence, incompetence, or any other circumstance preventing him from timely filing his federal habeas action under 28 U.S.C. § 2244(d)(1)(A). Petitioner has failed to meet his burden of showing that equitable tolling should extend the limitations period. Therefore, this action

---

[3]Petitioner may be asserting that the misplacement of his pauper's affidavit created an "impediment" to filing under 28 U.S.C. § 2244(d)(1)(B), but Petitioner has failed to explain why the pauper's affidavit was necessary for him to pursue his federal habeas claims in this Court until August 2016 or why the prison law library's three-day delay in getting that affidavit to the OCCA prevented him from timely filing his federal habeas petition.

should be dismissed with prejudice as it is untimely filed.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and 28 U.S.C. §2241 be DISMISSED (1) without prejudice on the ground of lack of exhaustion or, alternatively, (2) with prejudice as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by       October 20th , 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    30th    day of   September   , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE